STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF STEARNS                                SEVENTH JUDICIAL DISTRICT

---

SCOTT SMITH,

    *Plaintiff,*

Case No. _____

v.

Case Type: 14 (Other Civil)

ZIMCO CORPORATION; ROBERT J FEULING, as Trustee of The Robert J Feuling Revocable Trust Agreement dated October 23, 2009; and LINDA D FEULING, as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011,

**SUMMONS**

    *Defendant.*

---

THIS SUMMONS IS DIRECTED TO **Linda D Feuling, as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011.**

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Padraigin L. Browne (MN Bar # 389962)
        Browne Law LLC
        8530 Eagle Point Blvd, Suite 100
        Lake Elmo, MN 55042

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree

- 1 -

with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____
Plaintiff's attorney's signature

December 13, 2017
Dated

Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805

- 2 -

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF STEARNS | SEVENTH JUDICIAL DISTRICT |

| | |
|---|---|
| SCOTT SMITH, | Case No. _____ |
| *Plaintiff*, | Case Type: 14 (Other Civil) |
| v. | |
| ZIMCO CORPORATION; ROBERT J FEULING, as Trustee of The Robert J Feuling Revocable Trust Agreement dated October 23, 2009; and LINDA D FEULING, as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011, | **COMPLAINT**<br><br>**Injunctive Relief Sought** |
| *Defendants.* | |

Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendants ZimCo Corporation, a Minnesota business corporation, Robert J Feuling, in his capacity as Trustee of The Robert J Feuling Revocable Trust Agreement dated October 23, 2009, and Linda D Feuling, in her capacity as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011 for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the multi-tenant commercial building known as "1225 Timberlane Drive & 1227 Timberlane Drive" that included the restaurant known as "Elmerz" and the liquor store known as "Westside Liquor".

2. The violations alleged in this complaint occurred at "1225 Timberlane Drive & 1227 Timberlane Drive", located at 1225 Timberlane Drive and 1227 Timberlane Drive, Sauk Centre MN 56378.

3. Defendants' failure to provide equal access to "1225 Timberlane Drive & 1227 Timberlane Drive" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA. This Court has concurrent jurisdiction over the federal cause of action.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff Smith suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr.

- 2 -

12/19/2017  09:18   3203934766   BOBBLINDAEFAX   PAGE   04/18

Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant ZimCo Corporation, is the owner and lessor of the real property and improvements which are the subject of this action, the multi-tenant commercial building "1225 Timberlane Drive & 1227 Timberlane Drive", a place of public accommodation within the meaning of the ADA, located at the street address of 1225 Timberlane Drive, Sauk Centre MN 56378. Defendant ZimCo Corporation owned the portion of the building and parking lot located at 1225 Timberlane Drive, Sauk Centre MN 56378.

11. Defendants Robert J Feuling, in his capacity as Trustee of The Robert J Feuling Revocable Trust Agreement dated October 23, 2009, and Linda D Feuling, in her capacity as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011 are the owners and lessors of the real property and improvements which are the subject of this action, the multi-tenant commercial building "1225 Timberlane Drive & 1227 Timberlane Drive", a place of public accommodation within the meaning of the ADA. Defendants Robert J Feuling, in his capacity as Trustee of The Robert J Feuling Revocable Trust Agreement dated October 23, 2009, and Linda D Feuling, in her capacity as Trustee of The Linda D Feuling Revocable Trust Agreement dated December 29, 2011 owned the portion of the building and parking lot located at the street address of 1227 Timberlane Drive, Sauk Centre MN 56378.

## FACTUAL BACKGROUND

12. On June 24, 2017, Plaintiff Smith attempted to visit "1225 Timberlane Drive & 1227 Timberlane Drive" in Sauk Centre, Minnesota. "1225 Timberlane Drive & 1227 Timberlane Drive" included tenant businesses Elmerz and Westside Liquor. These two businesses shared a common parking lot, though ownership of the property was divided between two sets of property owners. Plaintiff regularly travels around Minnesota, including trips to northern Minnesota.

13. Plaintiff found 112 total parking spaces in the parking lot.

12/19/2017  09:18  3203934766  BOB&LINDASFAX  PAGE  05/18

14. Plaintiff found 6 parking spaces reserved for persons with disabilities through paint on the ground or nearby signs.

15. All 6 of these reserved parking spaces were reserved through signage posted not above the space, but attached to nearby lampposts.

16. The access aisles adjacent to 3 of the 6 reserved parking spaces contained large cement lamppost bases.

17. 1 of the 6 reserved parking spaces contained large garbage receptacles.

18. The parking lot contained 0 van parking spaces.

19. The "1225 Timberlane Drive & 1227 Timberlane Drive" parking lot did not contain any van parking spaces.

20. Photographs in Exhibit A to this Complaint depict the reserved parking spaces and the in the "1225 Timberlane Drive & 1227 Timberlane Drive" customer parking lot as they appeared June 24, 2017.

21. Plaintiff lives in Burnsville, Minnesota and travels throughout Minnesota, including Sauk Centre. He attempted to patronize "1225 Timberlane Drive & 1227 Timberlane Drive", but was deterred, due to the lack of accessible parking. Plaintiff plans to travel through Sauk Centre again on a trip to northern Minnesota in the summer of 2018.

22. In light of the architectural barriers at "1225 Timberlane Drive & 1227 Timberlane Drive", Plaintiff is deterred from visiting "1225 Timberlane Drive & 1227 Timberlane Drive" in the future. Plaintiff would like to be able to patronize "1225 Timberlane Drive & 1227 Timberlane Drive", but these architectural barriers deter him from doing so. He plans to return and patronize "1225 Timberlane Drive & 1227 Timberlane Drive" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

23. Plaintiff attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is ex-

12/19/2017   09:18   3203934766   BOBELINDASFAX   PAGE   06/18

cluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

24.  The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A. Notice of the architectural barriers at "1225 Timberlane Drive & 1227 Timberlane Drive" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit B to this complaint.

## FACTUAL ALLEGATIONS

25.  Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "1225 Timberlane Drive & 1227 Timberlane Drive". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "1225 Timberlane Drive & 1227 Timberlane Drive" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "1225 Timberlane Drive & 1227 Timberlane Drive" had 112 total parking spaces and had 6 parking spaces reserved for persons with disabilities, but 0 reserved parking spaces complied with ADAAG 502, in violation of ADAAG 208.2.

   b. 0 reserved parking spaces were reserved with signage posted above the parking space, in violation of ADAAG 216.5 and 502.6. Failure to reserve parking spaces with properly posted signage makes it difficult to find accessible parking, creates the risk of someone inadvertently parking in a reserved parking space, and hinders the ability of law enforcement to enforce parking rules and regulations.

   c. 3 of the reserved parking spaces at "1225 Timberlane Drive & 1227 Timberlane Drive" had large concrete lamppost bases inside their adjacent access aisles, and 1 access aisle contained trash receptacles, in violation of ADAAG 502.4.

   d. "1225 Timberlane Drive & 1227 Timberlane Drive" had 0 van parking spaces, in violation of ADAAG 208.2.4. Plaintiff sometimes travels in a wheelchair van, and

12/19/2017  09:18  3203934766  BOB&LINDASFAX  PAGE  07/18

in these events, requires extra space to make a safe transfer with the wheelchair lift.

26. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "1225 Timberlane Drive & 1227 Timberlane Drive". To qualify as an accessible parking structure, and for a parking space to qualify as an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502.

27. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "1225 Timberlane Drive & 1227 Timberlane Drive" in order to photograph and measure all such barriers to access and violations of the ADA and ADAAG.

28. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 because the removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers.

29. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

30. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

31. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "1225 Timberlane Drive & 1227 Timberlane Drive" and/or to enjoy the goods, services, privileges, advantages and/or

accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

32. Plaintiff incorporates and realleges the above paragraphs.

33. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

34. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

35. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "1225 Timberlane Drive & 1227 Timberlane Drive" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

36. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

37. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

38. Plaintiff plans to visit "1225 Timberlane Drive & 1227 Timberlane Drive" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irrep-

12/19/2017 09:18 3203934766 BOB&LINDASFAX PAGE 09/18

arable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "1225 Timberlane Drive & 1227 Timberlane Drive" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

39. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "1225 Timberlane Drive & 1227 Timberlane Drive" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "1225 Timberlane Drive & 1227 Timberlane Drive" until such time as Defendants cures the access barriers.

40. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

   a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

   b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

- 8 -

12/19/2017  09:18  3203934766  BDB&LINDASFAX  PAGE  10/18

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: December 13, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

Date: December 13, 2017

By: _____

Padraigin L. Browne (MN Bar #389962)

- 10 -